# Louisville & N. R. Co. v. Kelly et al.

May 7, 1946.

C. S. Landrum, C. E. Rice, Jr., H. L. Bryant, and J. C. Baker for appellant.

Golden & Lay and E. L. Morgan for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

The appeal is from a judgment of the Harlan Circuit Court awarding appellees the sum of $2,500 for a strip of land 120 feet wide and 268.8 feet long through a 6 acre tract, and a strip 120 feet wide and 209 feet long through a 3 acre tract. The land condemned is to be used as a right of way in the construction of a 10 mile extension of appellant's present railroad on the Clover Fork of Cumberland River.

The first ground urged for reversal is that the Court erred in rejecting appellant's challenge to ten women on the jury panel. It is argued that to permit women to serve as jurors in condemnation cases violates Section 242 of the Constitution, in that, under the common law, they were not permitted to serve on juries; and Section 242, supra, requires that, in all condemnation cases, damages shall be determined by a jury, according to the course of the common law. This question heretofore has not been presented to this Court, nor to any

other court, so far as we have been able to determine. However, the language of the Section, in our opinion, permits of but one construction. The phrase, "according to the course of the common law," modifies the word "determined," and does not refer to the manner in which the jury shall be selected.

The only remaining question is the complaint that the damages are excessive. The property condemned runs through the middle of both of the small tracts of land, and the construction, when finished, will be 21 feet higher than the adjacent land. It is obvious that the fill upon which the railroad will lie will render the remaining property lying to the north virtually inaccessible to the property lying to the south of the fill. It is conceded that all of the land taken is level, and all of it, previous to its taking, was used for garden purposes, and that very little, if any, of the remaining land is fit to be used for this purpose. The Kellys purchased the property in the year 1928, paying therefor the sum of $3,500. Thereafter, they erected a house and other improvements at a cost of $1,500. The railroad will run within 45 feet of the residence. The richest land in both tracts has been condemned. The jury viewed the premises, and the award is well within the limits of competent evidence presented by the witnesses for appellees. The evidence for appellants merely made an issue to be presented to the jury. Under these circumstances, we may not disregard the verdict of the jury.

The judgment is affirmed.

Judge Thomas, being of the opinion that the damages are excessive, dissents.